1
2
3
4
5
6 **EXHIBIT 1**
7
8 **COMPLAINT**
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Skinner v Adly Enterprises - Notice of Removal

EXHIBITS TO NOTICE OF REMOVAL

JEFF A. HARRISON (SBN 151227)
JHarrison@theharrisonlawgroup.com
SARA PEZESHKPOUR (SBN 260240)
SPez@theharrisonlawgroup.com
**THE HARRISON LAW GROUP, P.C.**
139 Richmond Street
El Segundo, CA 90245
Tel: (310) 648-8755
Fax: (310) 648-8734

Attorneys for Plaintiff,
ANDREW SKINNER

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/24/2024 1:25 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Ruiz, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA

# COUNTY OF LOS ANGELES

| | |
|---|---|
| ANDREW SKINNER, an individual; | Case No.: 24STCV15691 |
| Plaintiff, | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** FOR VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT (CIVIL CODE §51 *et seq.*) and TITLE III OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. §12181 *et seq.*) |
| vs. | |
| ADLY ENTERPRISES, L.L.C., a California limited liability company; and DOES 1-10, inclusive; | |
| Defendants. | **JURY TRIAL DEMANDED** |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
1

Plaintiff ANDREW SKINNER ("Mr. Skinner" or "Plaintiff") complains of Defendant ADLY ENTERPRISES, L.L.C., a California limited liability company; and DOES 1-10, inclusive (collectively, "Defendants") and alleges as follows:

## INTRODUCTION

1. This is a disability discrimination case. Plaintiff is a wheelchair user. He alleges that, because of his disability, he was and continues to be denied full and equal enjoyment of the goods, services, amenities, facilities, and accommodations of Soledad Plaza, a retail shopping center in Santa Clarita, California, that is owned and/or operated by Defendant ADLY ENTERPRISES, L.L.C., in violation of California's Unruh Civil Rights Act (Civ. Code §51 *et seq.*) and Title III of the Americans with Disabilities Act ("ADA") (42 U.S.C. §12181 *et seq.*).

2. Defendant's discriminatory conduct has caused, and continues to cause, Plaintiff difficulty, discomfort, or embarrassment, and has prevented and deterred Plaintiff from accessing or using Defendant's services, facilities, privileges, advantages, or accommodations to the same extent as, and in an equal manner to, his non-disabled peers. Pursuant to the Unruh Act and/or the ADA, Plaintiff seeks injunctive relief that requires Defendant to make the shopping center accessible to individuals with mobility disabilities. Plaintiff also requests that this Court order Defendant to pay Plaintiff damages for disability discrimination, and reimburse Plaintiff's attorneys' fees, costs, and litigation expenses necessary to enforce his rights.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action because Plaintiff's claims arise under California law.

4. Venue is proper in this Court because the real property at issue herein is located in Los Angeles County and Plaintiff's causes of action arose in Los Angeles County.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
2

## PARTIES

5. Plaintiff ANDREW SKINNER ("Mr. Skinner" or "Plaintiff") is, and at all times relevant herein was, substantially impaired in his ability to walk and reliant on a wheelchair for mobility due to a spinal cord injury. Plaintiff is disabled pursuant to California law (Cal. Gov't Code §12926) and the ADA (42 U.S.C. §12102(2)).

6. Plaintiff is informed and believes and thereupon alleges that Defendant ADLY ENTERPRISES, L.L.C., and DOES 1-10, inclusive (collectively, "Defendants"), are, and/or at all times relevant herein were, the owners and/or operators of a retail shopping center known as Soledad Plaza, located at 20655 Soledad Canyon Road, Santa Clarita, CA 91351 ("Soledad Plaza").

7. Soledad Plaza is a place of public accommodation subject to Title III of the ADA (42 U.S.C. §12181(7)(E). Soledad Plaza is also a business establishment subject to the provisions of the Unruh Act (Cal. Civ. Code §51(b)).

8. Defendants DOES 1 – 10, inclusive, are sued under fictitious names pursuant to Cal. Code of Civil Procedure §474.

9. Plaintiff is informed and believes, and thereupon alleges, that each of the DOE defendants were and/or are in some manner responsible for the wrongs and damages alleged below, in so acting were and/or are functioning as a director, agent, ostensible agent, alter ego, servant, representative, partner, associate, affiliate, and/or employee of Defendant ADLY ENTERPRISES, L.L.C., and in taking or in failing to take the actions mentioned herein were and/or are acting within the course and scope of his, her or their authority as such director, agent, ostensible agent, alter ego, servant, representative, partner, associate, affiliate and/or employee, and/or with the permission and consent of Defendant ADLY ENTERPRISES, L.L.C. Plaintiff is further informed and believes and thereupon alleges that each of the DOE defendants were and/or are, at all times relevant herein, acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission, or ratification of each of the other DOE defendants and/or Defendant ADLY ENTERPRISES, L.L.C., and are personally responsible in some manner for the acts and omissions of the other Defendants in proximately

causing the violations and damages complained of herein, and has participated, directed, and ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants as herein described. Defendants ADLY ENTERPRISES, L.L.C. and the DOE defendants are hereafter referred to, collectively and/or individually, as "Defendants."

10. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venture, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission, or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## FACTS ON WHICH ALL CLAIMS ARE BASED

11. Soledad Plaza is a retail shopping center open to the public in Santa Clarita, California.

12. Plaintiff is informed and believes, and thereupon alleges, that Soledad Plaza is, and/or at all times relevant herein was, owned and/or operated by the Defendants.

13. Soledad Plaza is a business establishment subject to the provisions of the Unruh Civil Rights Act (Cal. Civ. Code §51(b)) and is a place of public accommodation subject to the provisions of Title III of the ADA (42 U.S.C. §12181(7)(E)).

14. Mr. Skinner is physically disabled due to a spinal cord injury. He is substantially impaired in his ability to walk and uses a wheelchair for mobility.

15. Mr. Skinner lives near Soledad Plaza, and often visits Soledad Plaza to patronize the restaurants there.

16. Mr. Skinner drives a modified wheelchair accessible van with a ramp on the passenger's side that affords him access into and out of the van. Mr. Skinner must park in a compliant, designated accessible parking space with a compliant, designated accessible access aisle to independently and safely get into and out of his vehicle.

17. On or around March 9, 2024, Mr. Skinner visited Soledad Plaza to dine at one of its restaurants. He parked in a designated "accessible" parking space near Cube Restaurant. However, although this parking space is designated as wheelchair accessible, Mr. Skinner found that there is no curb ramp near this parking space that would provide wheelchair access onto the pedestrian walkway. As a result, Mr. Skinner had to wheel through the parking lot, among moving vehicles and behind parked cars, until he finally found a curb ramp that allowed him to access the pedestrian walkway. This caused Mr. Skinner difficulty, discomfort, and embarrassment, and posed a significant risk to Mr. Skinner's safety.

18. Mr. Skinner is also informed and believes, and thereupon alleges, that there are additional barriers to wheelchair access to and throughout Soledad Plaza that violate ADA and/or California standards for disabled access. For example, Mr. Skinner is informed and believes, and thereupon alleges, that almost all of the designated accessible parking spaces have faded surface markings and lack compliant signage, creating confusion as to whether a parking space is in fact a designated compliant, accessible parking space with a compliant, accessible access aisle. This is especially true at the "accessible" parking spaces near Michoacana Ice Cream and Vivian's Flower Market and the "accessible" parking space near Cube Restaurant.

19. Mr. Skinner is also informed and believes, and thereupon alleges, that the access aisle next to the "accessible" parking space near Vivian's Flower Market has excessive slopes due to a built-up curb ramp, and there is no curb cut or compliant access to the pedestrian walkway. Mr. Skinner is also informed and believes, and thereupon alleges, that there are no wheelchair accessible routes connecting the building pad on the southwest corner of the property (where Vivian's Flower Market and other businesses are located) to the building pad on the northwest side of the property (where Brother's Burgers and other businesses are located).

20. Additionally, Mr. Skinner is informed and believes, and thereupon alleges, that although there is a ramp that links the building pad on the northwest side of the property to the building pad on the northern side of the parcel, this ramp appears too steep and no handrails are provided on the side of the ramp adjacent to the barber shop, and the ramp adjacent to Kids & Teens Pediatrics only has handrails on one side.

21. Mr. Skinner intends to return to Soledad Plaza to continue patronizing its restaurants. However, due to the barriers described above, he has experienced embarrassment, discomfort and difficulty, and has been deterred from using and enjoying the goods, services, amenities, facilities, and accommodations of Soledad Plaza in a manner equal to able-bodied customers. Until Defendants remove all access barriers at Soledad Plaza and bring it into compliance with federal and California disabled access standards, Mr. Skinner will continue to suffer discrimination by being excluded and deterred from returning to Soledad Plaza, and will continue to be denied full and equal access to and use of the same goods, services, facilities, privileges, advantages, and accommodations offered by Defendants to the general public.

22. The aforementioned, allegedly noncompliant conditions at Soledad Plaza are not intended to be an exhaustive list of the features at Soledad Plaza for which Mr. Skinner seeks injunctive relief. In this lawsuit, Plaintiff is entitled to, and seeks, injunctive relief to have Defendants remediate **all** existing barriers to wheelchair access at Soledad Plaza, including any that are not listed herein, so that, when Mr. Skinner returns to Soledad Plaza, he is able to fully and equally use and enjoy all of its services, facilities, and accommodations on a full and equal basis. Plaintiff will use the discovery process, including expert discovery, to identify all the noncompliant conditions for which he seeks injunctive relief, and will seek to amend his complaint to include all allegedly noncompliant conditions for which injunctive relief is sought in this litigation.

23. On or around April 25, 2024, Plaintiff, through his counsel, sent Defendants a letter about his access-related concerns, and invited Defendants to resolve this matter without litigation. There was no response to this letter, so Plaintiff, through his counsel, sent Defendants a second letter on or around May 30, 2024, again inviting Defendants to resolve this matter without litigation.

1 Plaintiff is informed and believes, and thereupon alleges, that Defendants received both letters.

24. Defendants have not responded to Plaintiff's pre-litigation attempts to resolve this matter.

25. Plaintiff is informed and believes, and thereupon alleges, that Defendants have not taken any steps to address violations of federal and/or California disabled access standards at Soledad Plaza, despite being on notice of those violations since at least April 25, 2024.

26. Until Defendants address the barriers to wheelchair access described herein, Plaintiff will continue to suffer discrimination by being excluded and deterred from using Soledad Plaza and its facilities, amenities, and services and will continue to be denied full and equal access to and use of the same services, facilities, privileges, advantages, and accommodations offered by Defendants to the general public.

## CAUSES OF ACTION

### I. UNRUH CIVIL RIGHTS ACT (Cal. Civ. Code §51 *et seq.*)

27. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Soledad Plaza is a business establishment and, as such, must comply with the provisions of the Unruh Civil Rights Act. (Cal. Civ. Code §51 *et seq.*).

29. The Unruh Civil Rights Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. (Cal. Civ. Code §51(b)). It also provides that a violation of the Americans with Disabilities Act ("ADA"), or of California state accessibility regulations, is a violation of the Unruh Civil Rights Act. (*Id.* at §51(f)).

30. Defendants have violated the Unruh Civil Rights Act by, *inter alia*, denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at Soledad Plaza.

31. Defendants have also violated the Unruh Act by violating Title III of the ADA.

32. Defendants' failure to repair barriers to disabled access at Soledad Plaza that are significant, pervasive, and longstanding was and is intended to deny Plaintiff and other disabled individuals full and equal access to Soledad Plaza.

33. Pursuant to the remedies, procedures, and rights set forth in Cal. Civil Code §52(a), Plaintiff seeks injunctive relief to enjoin Defendants' ongoing and intentional violations of the Unruh Act. Specifically, Plaintiff seeks an order from this Court enjoining Defendants from operating Soledad Plaza as a place of public accommodation and/or a business establishment unless and until all barriers to disabled access therein are remediated. Plaintiff also seeks damages for any ADA violations that denied Plaintiff full and equal access on one or more occasions (*see* Cal. Civ. Code §§52, 55.56(a)).

## II. TITLE III OF THE ADA
### 42 U.S.C. §12181 *et seq.*

34. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §12182(a).

36. Soledad Plaza is a place of public accommodation and, as such, must comply with the provisions of Title III of the ADA. (42 U.S.C. §12181(7)(E)).

37. Defendants have violated Title III of the ADA and its implementing regulations. Their discriminatory conduct includes, but is not limited to:

A. Discriminatory exclusion from and/or denial of services, facilities, privileges, advantages, accommodations, and/or opportunities;

B. Provision of services, facilities, privileges, advantages, and/or accommodations that

are not equal to those afforded non-disabled individuals;

C. Since January 26, 1992, failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facilities are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards; and/or

D. Since July 26, 1991, failing to comply with the ongoing obligation to remove barriers to wheelchair access at facilities where such removal is readily achievable.

38. Pursuant to 42 U.S.C. §12188, Plaintiff seeks injunctive relief to have Defendants remediate any and all ADA violations that may exist at Louie's Nursery. Pursuant to 42 U.S.C. §12205, Plaintiff seeks recovery of his reasonable attorneys' fees, litigation expenses, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

1. That this Court issue an injunction pursuant to Cal. Civ. Code §52(c)(3) enjoining Defendants from operating Soledad Plaza as a place of public accommodation and/or a business establishment unless and until all barriers to disabled access therein are remediated;

2. That this Court issue an injunction pursuant to 42 U.S.C. §12188(a) ordering Defendants to remediate all ADA violations at Soledad Plaza, and to modify their policies and procedures, to ensure compliance with federal disabled access standards;

3. That this Court award minimum statutory damages of $4,000, according to proof, pursuant to the Unruh Civil Rights Act, based on Plaintiff's visit to Soledad Plaza on March 9, 2024, where he encountered ADA violations that denied him full and equal access and that caused him difficulty, discomfort and/or embarrassment;

4. That this Court award special and consequential damages according to proof;

5. That this Court award attorneys' fees, litigation expenses and costs of suit, pursuant to Cal. Civ. Code §52, 42 U.S.C. §12205, and/or Cal. Code of Civil Procedure §1021.5; and

6. Such other and further relief as the Court may deem just and proper.

---

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

Dated: June 24, 2024                          THE HARRISON LAW GROUP, P.C.

                                       By: _____
                                            JEFF A. HARRISON
                                            SARA PEZESHKPOUR
                                            Attorneys for Plaintiff ANDREW SKINNER

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a ury for all claims for which a ury is permitted.

Dated: June 24, 2024

THE HARRISON LAW GROUP, P.C.

By: _____
JEFF A. HARRISON
SARA PEZESHKPOUR
Attorneys for Plaintiff, ANDREW SKINNER

## VERIFICATION

I, ANDREW SKINNER, am the Plaintiff in this action.

I have read the foregoing **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT (CIVIL CODE §51** *et seq.***) and TITLE III OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. §12181** *et seq.*) and know the contents thereof.

The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 21/06/24 in Canyon Country, California.

*Andrew Skinner*
Andrew Skinner (Jun 21, 2024 14:43 PDT)
ANDREW SKINNER

---

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
12